

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

February 11, 1957

Mr. A. C. Spencer,
Executive Director,
Texas State Soil Conservation Board,
1012 First National Bank Building,
Temple, Texas.

Opinion No. WW-23

Re: Question Concerning
Funds Granted to Soil
Conservation Districts
under the Provisions
of H.B. 97, Acts of the
51st Leg., R.S. 1949,
Ch. 540, p. 1000.

Dear Mr. Spencer:

In your recent request for an opinion of this office, you asked the following question:

"From the standpoint of 'The State of Texas', are funds granted to soil conservation districts by the State Soil Conservation Board under provisions of Sec.1, H.B. 97, Acts of the 51st Legislature considered expended when warrants are issued and the money withdrawn from the state treasury for deposit in the soil conservation district's local bank?"

House Bill 97, Acts of the 51st Legislature, R. S. 1949, chapter 540, page 1000, reads in part as follows:

"Section 1. There is hereby appropriated out of the General Fund of the State Treasury not otherwise appropriated the sum of Two and One-Half Million Dollars ($2,500,000) for the fiscal year ending August 31, 1951, to the several soil conservation districts in Texas. A soil conservation district shall be eligible to receive grants for each period of the biennium after it has been duly organized and a Certificate of Organization for the district has been approved and signed by the Secretary of State. All grants to soil conservation districts shall be made by the State Soil Conservation Board based on the Board's determination of equity and need of the district applying for grant.

"Sec. 2. Approval of all grants to soil conservation districts as provided for in this Act, shall be certified to the State Comptroller of Public Accounts by the State Soil Conservation Board. Such certification

of approval by the State Soil Conservation Board pre-
sented to the said Comptroller shall be sufficient
authority for the Comptroller to issue his warrants
against any appropriations made for grants to soil
conservation districts, and shall also be sufficient
authority for the State Treasurer to honor payment of
such warrants."

"  .   .   .  "

"Sec. 5. Any funds granted hereunder to any soil
conservation district which shall remain unexpended
at the end of the biennium shall revert to the General
Fund.  Provided, however, that upon the discontinuance
of any soil conservation district or its failure to
operate, as may be determined by the State Soil Conser-
vation Board, then any funds remaining therein unexpend-
ed during the biennium may be reallocated by the State
Board to soil conservation districts functioning in the
area, upon application of the district to the State
Board; and provided, further, that if any organized
soil conservation district is dissolved by a vote of the
land owners or occupiers for the purpose of adjusting
boundary lines and is immediately reorganized by a vote
of the land owners or occupiers, any funds or equipment
owned by the district prior to such reorganization shall
pass to the credit of such district upon such reorganization.

"Sec. 6. Grants to soil conservation districts as pro-
vided in this Act, when received by the district, shall
be deposited in the name of the district, such deposit
shall be with a State or National Bank or banks.  Any
withdrawal of such funds so deposited to the credit of the
district may be withdrawn only on approval of the Board
of supervisors of the district.  All checks or orders
for such withdrawal shall be signed by the chairman and
secretary of the board of supervisors of the district."

The Comptroller's office advises us that warrants have
been issued for the moneys appropriated by H. B. 97, Acts of the
51st Legislature, and that the proceeds of these warrants have been
deposited in local banks in accordance with the provisions of said
Act.

Under the above provisions of H.B. 97, Acts of the 51st
Legislature, funds are granted to the several soil conservation
districts by the State Soil Conservation Board, and these grants
of funds are then required to be deposited in the name of the dis-

trict in the local bank or banks.   The clear and express language of Section 5, as quoted above, provides that any funds granted to any soil conservation district remaining unexpended at the end of the biennium shall revert to the General Fund.   It is therefore our opinion that all funds granted to the several soil conservation districts under the provisions of H. B. 97, Acts of the 51st Legislature, and still unexpended at the end of the biennium reverted to the General Fund, under the express language contained in Section 5.   Your question is therefore answered in the negative.

You also inquire as to whether or not it is necessary to request the 55th Legislature to reappropriate the unexpended balances of moneys originally appropriated by H. B. 97.   Legislative history reveals that each subsequent session of the Legislature has reappropriated the unexpended balances.   H. B. 190, Acts of the 52nd Legislature, 1951, R.S. chapter 497, page 1206, reappropriated the unexpended balance of all sums appropriated by H.B. 97, Acts of the 51st Legislature;   House Bill 163, Acts of the 53rd Legislature, 1953, R.S. chapter 332, page 823, reappropriated the unexpended balances of funds appropriated by H. B. 97, Acts of the 51st Legislature and H. B. 190, Acts of the 52nd Legislature, and Section 13 of H. B. 163, Acts of the 53rd Legislature repealed H. B. 97, Acts of the 51st Legislature and H. B. 190, Acts of the 52nd Legislature;   House Bill 301, Acts of the 54th Legislature, 1955, chapter 526, page 1626, reappropriated the unexpended balances of moneys appropriated by H. B. 97, Acts of the 51st Legislature, H. B. 190, Acts of the 52nd Legislature and H. B. 163, Acts of the 53rd Legislature.

Under Section 6 of Article 8, of the Constitution of Texas, no appropriation of money may be made by the Legislature for a longer term than two years and any unexpended balances of sums appropriated revert to the State at the end of each biennium in the absence of any specific appropriation.   It is therefore our opinion that the unexpended balance of the moneys appropriated by H. B. 97, Acts of the 51st Legislature should continue to be reappropriated each biennium.

## SUMMARY

Unexpended balances of moneys granted to soil conservation districts by the State Soil Conservation Board under the provisions of H. B. 97, Acts of the 51st Legislature, reverted to the General Fund at the end of the biennium and were not considered expended when warrants were issued and the funds withdrawn from the State Treasury for deposit in the local bank or banks of the several soil conservation districts. The unexpended balances of moneys appropriated by H. B. 97, Acts of the 51st Legislature, should continue to be reappropriated each biennium.

Very truly yours,

WILL WILSON
Attorney General

By L. W. Gray
Assistant.

LWG:f

APPROVED:

OPINION COMMITTEE

By H. Grady Chandler,
        Chairman